UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABRAHAM PILLER, individually and derivatively on behalf of The Fallsburg Estates LLC,

                     Plaintiff,

-v-

PRINCETON REALTY ASSOCIATES LLC, et al.,

                     Defendants.

---

Case No. 16-CV-8499 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

Abraham Piller ("Plaintiff") filed this Complaint in the Supreme Court of the State of New York, County of Sullivan, against Princeton Realty Associates LLC; The Fallsburg Estates, LLC; Moshe Schwimmer; Mendel Schwimmer; Focus Camera, Inc.; New Pines Estates LLC; Fallsberg Properties LLC; NCC Capital LLC; Esther Deutsch; Jacob Schwimmer; Sara Hoffman; Jacob Kohn; Abraham Berkowitz; and John and Jane Does 1–10 (collectively, "Defendants"), alleging six causes of action: (1) declaratory judgment declaring that The Fallsburg Estates LLC is the owner of a 220.63-acre tract of land (the "Property") located in Sullivan County, New York; (2) breach of contract; (3) breach of fiduciary duty; (4) fraud; (5) conspiracy under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"); and (6) injunctive relief enjoining Defendants from taking any actions to convey or encumber the Property. (*See* Notice of Removal Ex. A ("Compl.") (Dkt. No. 1).) Defendants timely removed the case to this Court on November 1, 2016. (*See* Dkt. No. 1.)

Upon removal, Defendants filed a number of letter motions seeking leave to file motions to dismiss the Complaint for failure to state a claim. (*See* Dkt. Nos. 6, 9, 13, 17–18.) In response to those letters, Plaintiff requested leave to file a Motion To Remand or, in the alternative, leave to amend the Complaint to conform with federal practice standards of pleading. (*See* Dkt. No. 20.) On November 29, 2016, the Court held a conference wherein a briefing schedule for Plaintiff's Motion To Remand was set. (*See* Dkt. No. 31.) On November 30, 2016, Plaintiff wrote a letter, which was later endorsed by the Court, withdrawing his RICO claim with prejudice. (*See* Dkt. Nos. 30, 32.) As a result, there are no federal claims remaining. On January 23, 2017, Plaintiff filed his Motion To Remand the case to state court, (*see* Dkt. No. 47), and the Motion was fully briefed on February 24, 2017.

The facts of this case, which are not restated in full here, are set forth adequately in the state court's Decision & Order on November 17, 2016 (the "November Decision"). (*See* Decl. in Supp. of Fallsberg Properties, LLC's Opp'n to Pl.'s Mot. To Remand Ex. B (Dkt. No. 49).) Many of the details of the case are not relevant to the Motion at hand, but some general background is necessary. This case generally concerns the disposition of the Property and involves a number of allegedly unlawful transfers of the Property among various Defendants, thereby encumbering the Property and divesting Plaintiff (through his interest in Fallsburg Estates, LLC, the alleged rightful owner of the Property) of his interest in the Property.

The first litigation involving this dispute was commenced in 2007 (the "2007 Action") in the Supreme Court of the State of New York, County of Sullivan, but did not include all of the Defendants named in this Action (the "2016 Action"). The 2007 Action, which addressed a number of issues related to the transfer and ownership of the Property, was largely resolved by the November Decision; a final judgment is expected to be entered in that case shortly. (*See*

Decl. of Paul H. Aloe in Opp'n to Pl. Abraham Piller's Mot. To Remand Exs. A–B (Dkt. No. 51); Mem. of Law of Defs. Moshe Schwimmer and The Fallsburg Estates, LLC, in Opp'n to Pl. Abraham Piller's Mot. To Remand ("Schwimmer Mem.") 8 (Dkt. No. 52).) Although the 2016 Action involves many of the same parties and addresses the same ultimate question—who the lawful owner of the Property is and whether any of the transfers allegedly undertaken by Defendants were unlawful—not all of Defendants in the 2016 Action are named in the 2007 Action, and some unique questions arise in the 2016 Action with respect to a number of transfers that are not directly at issue in the 2007 Action.

Plaintiff contends that because he has withdrawn his RICO claims with prejudice, the Court is divested of jurisdiction. (*See* Mem. of Law in Supp. of Pl.'s Mot. To Remand This Action to the Supreme Court of New York 5–9 (Dkt. No. 48).) This argument is simply wrong. In order to determine if removal is appropriate, a court must consider the complaint at the time of removal. *See Flicker v. LT Online Corp.*, No. 07-CV-1144, 2007 WL 3124548, at *1 (E.D.N.Y. Oct. 25, 2007) ("Even if the federal question giving rise to federal subject matter jurisdiction is later withdrawn, the modern rule is that a federal court has the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceeding." (alterations and internal quotation marks omitted)). However, where a case has been properly removed to federal court and the plaintiff has thereafter withdrawn its federal claims, the determination of whether the case should be remanded to the state court lies within the discretion of the federal court. *See Sharp v. McKeon*, No. 08-CV-599A, 2009 WL 2878534, at *2 n.3 (W.D.N.Y. Sept. 2, 2009) ("The withdrawal of the federal claims does not *require* that the case be remanded to the state court. The [c]ourt has discretion to remand the pendent state claims or to retain jurisdiction over them."); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S.

343, 357 (1988) ("We conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."). The Court must thus determine whether it will exercise supplemental jurisdiction over the state law claims that remain in the Complaint.

In deciding whether to exercise supplemental jurisdiction, courts consider "factors such as judicial economy, convenience, fairness, and comity." *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) (internal quotation marks omitted). The exercise of supplemental jurisdiction is ordinarily not proper "where the federal claims ha[ve] been dismissed at a relatively early stage and the remaining claims involve[] issues of state law that [are] unsettled." *Valencia ex rel Franco v Lee*, 316 F.3d 299, 306 (2d Cir. 2003).

Defendants raise two general objections to Plaintiff's Motion. First, they argue that the Motion should be denied because it is an attempt by Plaintiff to manipulate the forum and return to state court where, based on past experiences with the state court judge, a favorable disposition is more likely. (*See* Mem. of Law in Opp'n to Pl.'s Mot. To Remand This Action to the Supreme Court of New York ("Fallsberg Mem.") 7 (Dkt. No. 50); Schwimmer Mem. 8–11.) In support, Defendants point to the Supreme Court's instruction in *Cohill* that "[a] district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." 484 U.S. at 357.

Defendants cite *Payne v. Parkchester North Condominiums*, 134 F. Supp. 2d 582 (S.D.N.Y. 2001), where the court recognized a purported split of authority, with some courts holding that plaintiffs may not obtain remand simply by withdrawing federal claims and other

4

courts holding that such a tactic is merely a strategic decision to forego federal claims in favor of retaining the forum of choice, and held that there, where the facts indicated that the "plaintiffs ha[d] manifestly resolved to manipulate their forum without any reasonable or fair justification" and where remand would prejudice the defendants and would result in the unnecessary expenditure of resources, remand was not warranted. *Id.* at 584–87. But the court in *Payne* misinterpreted the existing case law. The court relied primarily on *Boelens v. Redman Homes, Inc.*, 759 F.2d 504 (5th Cir. 1985), wherein the Fifth Circuit held that "[w]hen a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right." *Id.* at 507 (internal quotation marks omitted). The court in *Boelens* went on to note, quoting a case from the Northern District of Illinois, that "[i]f a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court." *Id* (internal quotation marks omitted). While this language, on its face, supports Defendants' position (and the position taken by the court in *Payne*), it is not on point. The court in *Boelens* was not deciding whether it should exercise its supplemental jurisdiction; rather, the court was deciding the argument raised by Plaintiff here (and rejected above) that the removal of the federal claims necessarily destroyed jurisdiction. *Id.* at 506–07. The court merely held that withdrawal of the federal claims did not destroy jurisdiction, and, in fact, noted in a footnote that "[a]lthough the voluntary dropping of all federal claims by a plaintiff in a removed case does not oust federal jurisdiction, the federal court may still exercise its discretion not to retain pendent jurisdiction over the remaining state claims." *Id.* at 507 n.2. *Boelens* thus did not address the question here.

Many of the other cases cited by the court in *Payne* are similarly inapposite. *Hammond v. Terminal Railroad Ass'n of St. Louis*, 848 F.2d 95 (7th Cir. 1988), does not address the issue at hand, instead discussing, like *Boelens*, whether the withdrawal of federal claims destroys jurisdiction, that is, whether it *necessitates* remand. *Id.* at 97. In *Bradford v. Olympic Courier Systems, Inc.*, No. 96-CV-5693, 1997 WL 570720 (E.D.N.Y. Sept. 2, 1997), there was no motion to remand (the case had not been filed in state court), and the court declined to exercise jurisdiction over the action based on the Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1966). *Bradford*, 1997 WL 570720, at *3. Suffice to say, it is far from clear that there is any split of authority, and the better view, endorsed by other courts in the Second Circuit and consistent with the Supreme Court's instructions, is to consider the plaintiff's motivations in seeking remand as but one of several factors in determining whether to exercise supplemental jurisdiction over the remaining state law claims. *See Cohill*, 484 U.S. at 357.

Other courts in the Second Circuit have followed this paradigm. In *Singh v. Prudential Insurance Co. of America*, 200 F. Supp. 2d 193 (E.D.N.Y. 2002), the court found that "the defendants [were] likely correct that the purpose of [the plaintiff's] motion [was] merely to defeat the [c]ourt's jurisdiction over [the] case." *Id.* at 198. Nevertheless, the Court concluded that the plaintiff was the "master of her claims," *id.* (alterations omitted), noting that although the Supreme Court has permitted a court to "take into consideration a plaintiff's motive in dropping federal claims," there is "no per se prohibition against dropping federal claims in order to avoid federal jurisdiction," *id.* at 199 (italics omitted). As the court noted, the Ninth Circuit has weighed in on the issue in a similar circumstance:

> Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The

6

> defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. [The] [p]laintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

*Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995); *see also Certilman v. Becker*, 807 F. Supp. 307, 309–10 (S.D.N.Y. 1992) ("[T]he court is not convinced that merely omitting a federal-law claim from an amended complaint, as occurred in *Cohill* itself, is a sufficient basis not to grant an otherwise proper remand to state court. The pleadings were amended early in the litigation with no prejudice to [the] defendants, and a remand to state court would merely effectuate [the] plaintiffs' original choice of a state forum.").

Thus, the mere fact that Defendants may be correct that Plaintiff seeks remand because he is more likely to obtain a favorable result in state court, where he has already prevailed on a similar claim in the 2007 Action, is insufficient to deny this Motion as a matter of law. Instead, the Court must consider all of the factors that weigh on whether the exercise of supplemental jurisdiction is appropriate, and here, the Court finds that those factors weigh decidedly in favor of remand.

In terms of judicial economy, the state court, unlike this Court, is already familiar with the facts of the case. Defendants' contention that the 2007 Action and the 2016 Action are "separate and distinct," (Schwimmer Mem. 11), while perhaps true as a formal matter, is belied by Defendants' later argument, discussed below, that the state court is predisposed to rule in Plaintiff's favor. If the two actions are as unrelated as Defendants suggest, it is unclear why Defendants fear that a ruling in the "separate and distinct" 2007 Action will have an impact on

the 2016 Action. The answer, of course, is that the 2007 Action is not "separate and distinct," but is in fact intimately related to the 2016 Action. The facts set forth in the November Decision are identical to those set forth in the Complaint. (*Compare* November Decision 2–4, 8–10, *with* Compl.) And while the 2016 Action involves some legal issues not raised in the 2007 Action, the questions in both cases surround the same set of transactions and the same business relationships among the same individuals. Courts have not hesitated to order remand in such circumstances. *See Reyes v. Rite-Line Transp., Inc.*, No. 13-CV-968, 2013 WL 3388975, at *4 (S.D.N.Y. July 8, 2013) (ordering remand where the federal case and a related state case "appear[ed] to share the same operative facts from the events [at issue], . . . and involve[d] the same parties and counsel," and noting that "[a]bsent remand, [the] [p]laintiff [would] most likely unnecessarily and simultaneously litigate identical facts in two jurisdictions, conduct two courses of discovery, and appear for multiple depositions"); *Mensah v. World Truck Corp.*, 210 F. Supp. 2d 320, 322 (S.D.N.Y. 2002) ("In an effort to avoid piecemeal litigation and the risk of inconsistent and contradictory results, the [c]ourt hereby finds that the interests of justice will be served by remanding this matter to the state court in which it was originally filed. As a result, all of the claims of the parties will be heard in one forum, reducing the risk of inconsistent results and allowing for a comprehensive resolution of this conflict."). While the Court recognizes that the 2007 Action is winding down and therefore there is unlikely to be formal consolidation of the two actions, there is no serious question that the state court's familiarity with the claims at issue, the parties, and, most importantly, the operative facts will make for a more efficient resolution of this case.

The other cases cited by Defendants are inapposite. (*See* Schwimmer Mem. 8–9.) In *New York Transportation, Inc. v. Naples Transportation, Inc.*, 116 F. Supp. 2d 382 (E.D.N.Y.

2000), there was no motion to remand (as the case had not been brought in state court to begin with), and in deciding to exercise supplemental jurisdiction over state law claims after the only federal law claims had been dismissed, the court noted "the time and effort already invested in [the] matter by the parties and the [c]ourt, the burden that serving multiple defendants in a state court action would impose on [the] plaintiffs and the serious nature of [the] plaintiffs' allegations." *Id.* at 390. Unlike the circumstances here, there was no indication that the plaintiffs in *Naples* desired to be in state court, the parties had already devoted considerable time to litigating the case in federal court, and requiring the plaintiffs to refile the claims in state court would have involved additional procedural costs. Moreover, in *Naples*, there was no related state court action pending (or adjudicated). In *Parker v. Della Rocco*, 252 F.3d 663 (2d Cir. 2001), also cited by Defendants, the Second Circuit offered no opinion on "whether it would have been proper to continue to exercise supplemental jurisdiction in order to reach the merits of [the] plaintiff's state law claims," and held only that it was not an abuse of discretion for the district court to retain jurisdiction for the purpose of enforcing court rules that were dispositive of the case, but did not go to the merits. *Id.* at 666–67. *Parker* is thus distinguishable on a number of grounds.

Here, there has been no discovery and no motion practice (other than this Motion), and therefore no reason to conclude that judicial resources have been wasted. *See Flicker*, 2007 WL 3124548, at *1 ("There will be no inefficiencies or inconvenience associated with a remand as this case has not progressed very far."). In such circumstances, the exercise of supplemental jurisdiction is normally inappropriate. *See Klein & Co Futures, Inc. v. Bd of Trade of City of N.Y*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise

9

pendent jurisdiction over remaining state law claims."); *Valencia*, 316 F.3d at 306 (reversing a district court's exercise of supplemental jurisdiction where the federal claims were dropped at "a relatively early stage of the case" because "[n]o substantive motions had been filed; no judicial opinions had been issued; and the case was not yet ready for trial"). While the Court must consider, and has considered, Plaintiff's motive in seeking remand, even if Plaintiff could be said to be attempting to manipulate the choice of forum, that fact is not dispositive here. On this point, it is worth noting that Defendants' briefing leaves no doubt that the case was removed not for the purpose of taking advantage of the federal court's relative expertise in adjudicating federal claims (the RICO claim was just one minor part of the Complaint), but rather to avoid having the case adjudicated by a state court judge whom Defendants view as unsympathetic to their position. Defendants' hands are thus as unclean as Plaintiff's. In any event, there is no compelling reason to exercise supplemental jurisdiction over state law claims that arise from the same set of operative facts as a case already in progress (and largely adjudicated) by the state court judge who would hear this case on remand.

With respect to Defendants' second objection that Plaintiff seeks to deprive Defendants of their constitutional right to due process by remanding this case to the state court where a decision in favor of Plaintiff is more likely, (*see* Fallsberg Mem. 7–10; *see also* Mem. of Law of Def. New Pines Estates LLC in Opp'n to Pl.'s Mot. To Remand 1–2 (Dkt. No. 53); Mem. of Law of Defs. Focus Camera, Inc. and Abraham Berkowitz in Opp'n to Pl.'s Mot. To Remand 1–2 (Dkt. No. 55)), this argument is meritless. Defendants are not entitled to resist remand merely because they fear an adverse decision from the state court judge—if the judge renders a judgment that Defendants believe is inconsistent with their due process rights, their remedy is to appeal that judgment. And although a court, in deciding whether to exercise supplemental

jurisdiction, may consider as one factor the fairness to the parties, *see Marcus*, 138 F.3d at 57, Defendants have offered no authority suggesting that this factor implicates the perceived or expected fairness of the state court judge to whom the case will be remanded, and a review of the case law reveals no such authority.

For the foregoing reasons, Plaintiff's Motion is granted. The case will be remanded forthwith to the Supreme Court of the State of New York, County of Sullivan, for further proceedings. The Clerk of Court is respectfully directed to terminate the pending Motion. (Dkt. No. 47.)

SO ORDERED.

DATED:   May 2, 2017
         White Plains, New York

                                              KENNETH M. KARAS
                                              UNITED STATES DISTRICT JUDGE